**SCHOEMAN UPDIKE KAUFMAN & GERBER LLP**
TIL DALLAVALLE, ESQ.
155 Willowbrook Boulevard, Suite 300
Wayne, NJ, 07470
T: (973) 256-9000
*Attorneys for Defendant, Walmart Inc.*

| | |
|---|---|
| CHERISE BALL,<br><br>      Plaintiff,<br><br>vs.<br><br>WALMART INC., JOHN DOE 1-5, MARY DOE 1-5 and/or DOE CORPORATION 1-5<br><br>      Defendants. | **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>Civil Action No. 3:22-cv-1821<br><br>**NOTICE OF REMOVAL** |

  PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Walmart Inc. (hereinafter "Walmart"), a Delaware limited partnership with its principal place of business in Bentonville, Arkansas, hereby removes the above-captioned action from the Superior Court of New Jersey, Law Division, Middlesex County, to the United States District Court for the District of New Jersey, based upon the following:

  1. On or about January 17, 2022, Plaintiff Cherise Ball commenced a civil action by filing a Complaint in the Superior Court of New Jersey, Law Division, Mercer County, entitled CHERISE BALL -vs- WALMART INC., JOHN DOES 1-5, MARY DOE 1-5 and/or DOE CORPORATION 1-5, Docket No. MER-L-000099-22 (the "Complaint").

  2. On or about March 1, 2022, the Summons and Complaint were served on Walmart.

  3. March 1, 2022 was the first date on which Walmart received copies of the Summons and Complaint through service or otherwise.

4. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint, which constitute all process, pleadings and orders served upon Walmart are attached hereto as Exhibit "A."

5. Pursuant to 28 U.S.C. § 1446(b), this Notice is being filed with this Court within thirty (30) days of Walmart's first receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

6. This Honorable United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is a civil action in which there is complete diversity of citizenship between Plaintiff and the Defendant, and in which the amount in controversy exceeds $75,000, exclusive of interest and costs, as described below.

7. Based upon the allegations in the Complaint, Plaintiff is a citizen of the State of New Jersey, residing at 308 South Olden Avenue in Trenton, New Jersey.

8. Walmart Inc., is a corporation organized under the laws of the State of Delaware with a principal place of business in Bentonville, Arkansas.

9. Walmart Inc. is not a citizen of the State of New Jersey.

10. Diversity of citizenship existed among the parties when the Complaint was filed on or about January 17, 2022. Diversity of citizenship still exists among the parties at the time this Notice of Removal is being filed.

11. The Complaint alleges that on or about January 16, 2020, Plaintiff Cherise Ball was lawfully upon the premises of the Walmart store located in Hamilton, New Jersey. Complaint, First Count, ¶3. The Complaint also alleges that as a result of the negligence of Defendant, "Plaintiff, Cherise Ball, was injured when the loose shelf fell on her and she suffered severe and permanent injuries, was required, and will in the future be required to seek medical attention for

her injuries suffered and will in the future continue to suffer great pain and anxiety as a result of same." *Id.*, ¶6.

12. The Complaint does not explain the nature of Plaintiff's alleged injuries, nor is the amount in controversy discernible from the language in the Complaint.

13. On March 14, 2022, Walmart's Counsel sent Plaintiff's Counsel correspondence requesting they stipulate that Ms. Ball's damages are less than $75,000.00 and that counsel identify the nature and extent of same. (See correspondence attached as Exhibit "B").

14. To date, Plaintiff's Counsel has refused to stipulate that Ms. Balls's damages are less than $75,000.00.

15. Upon information and belief, Plaintiff Cherise Ball sustained unspecified injuries to her left hand, arm and shoulder, including a rotator cuff tear. Due to the physical areas effected, Plaintiff's claims merit removal.

16. While Walmart denies all liability to Plaintiff and denies that she is entitled to any of the relief sought by the Complaint, based upon the allegations of the Complaint and the injuries alleged, and based upon information and belief, the amount in controversy exceeds the $75,000 jurisdictional amount under 28 U.S.C. § 1332.

17. Therefore, this civil action is removable to this Court pursuant to 28 U.S.C. §1441.

18. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted for filing with the Clerk of the Superior Court, Law Division, Mercer County and is being served upon Plaintiff.

19. In filing this Notice of Removal, Walmart does not waive any defects in service of process, venue or personal jurisdiction.

- 4 -

20. For the foregoing reasons, this United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

                                                SCHOEMAN UPDIKE KAUFMAN & GERBER LLP
*Attorneys for Defendant Walmart Inc.*

By: _____
      Til J. Dallavalle

Dated: March 31, 2022

- 5 -

## LOCAL CIVIL RULE 11.2 VERIFICATION

Other than the action filed in the Superior Court of New Jersey, Law Division, Mercer County, which is the subject of this Notice of Removal, the matter in controversy, to the best of Defendant Walmart Inc.'s knowledge, information and belief, is not the subject of any other action pending in any court, or of any other pending arbitration or administrative proceeding.

                                           SCHOEMAN UPDIKE KAUFMAN & GERBER LLP
                                           *Attorneys for Defendant Walmart Inc.*

                                           By: _____
                                                 Til J. Dallavalle

Dated: March 31, 2022

CERTIFICATION OF SERVICE

I hereby certify that on this date, I caused to be served via electronic filing, a true and correct copy of the foregoing Notice of Removal on:

Mitchell D. Perlmutter, Esq.
Zavodnick, Perlmutter & Boccia, LLC
26 Journal Square, Suite 1102
Jersey City, NJ 07306
*Attorneys for Plaintiff*

David A. DiBrigida, Esq.
101 Eisenhower Parkway, Suite 100
Roseland, New Jersey 07068
*Attorneys for Plaintiff*

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury that the foregoing is true and correct.

    Til J. Dallavalle

Dated: March 31, 2022