# EXHIBIT A

**DAVID A. DIBRIGIDA, ESQ.**
101 EISENHOWER PARKWAY, STE. 100
ROSELAND, NJ 07068
(973) 618-1900
Attorney for Plaintiff (s)
ATTORNEY ID NO.: 033061992

| | |
|---|---|
| CHERISE BALL<br><br>          Plaintiff(s)<br>vs.<br><br>WALMART INC., JOHN DOE 1-5,<br>MARY DOE 1-5 and/or DOE<br>CORPORATION 1-5<br><br>          Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MERCER COUNTY<br><br>DOCKET NO.:<br><br>CIVIL ACTION<br>COMPLAINT AND JURY DEMAND |

The Plaintiff, **CHERISE BALL**, residing at 308 South Olden Avenue, Trenton, New Jersey, by way of Complaint against Defendant says:

## FIRST COUNT

1. Upon information and belief, at all times mentioned, the Defendant, **WALMART INC.**, owned and controlled the Walmart store located at 1750 Nottingham Way, Hamilton, New Jersey.

2. The aforesaid premises had a dangerous condition due to the fact that there was a loose shelf with stacks of paper on it.

3. On January 16, 2020, the Plaintiff, **CHERISE BALL**, was lawfully upon the premises as a Customer of Walmart.

4. The Defendant, **WALMART INC.**, maintained the premises in such a negligent manner that the loose shelf stacked with paper created a dangerous and hazardous condition.

5. The Defendant, **WALMART INC.,** had both actual and constructive notice of the above

condition and in fact had been informed of the dangerous condition on numerous occasions.

6. As a result of the negligence of the Defendant, the Plaintiff, **CHERISE BALL,** was injured when the loose shelf fell on her and she suffered severe and permanent injuries, was required, and will in the future be required to seek medical attention for her injuries suffered and will in the future continue to suffer great pain and anxiety as a result of same.

7. In the event it is later discovered, unknown parties or corporate entities are disclosed to have been responsible for accident and/or injuries sustained by Plaintiff, then **JOHN DOE MAINTENANCE, JOHN DOE 1-5, MARY DOE 1-5 and/or DOE CORPORATION 1-5** are named in the alternate.

**WHEREFORE**, Plaintiff, **CHERISE BALL,** demands judgment against Defendants for damages, pain and suffering, interest, costs, fees and expenses and any other relief to which the Court may deem proper and just.

### JURY DEMAND

Plaintiffs demand a trial by jury.

Dated: 1/17/22

By: _____
David A. DiBrigida, Esq.
**Attorney for Plaintiff**

### CERTIFICATION

I certify, pursuant to R.4:5-1, that to the best of my knowledge, information and belief at this time, the matter in controversy is not the subject matter of any other action pending in any other court, nor of any pending arbitration proceeding; that no other action or arbitration is contemplated; and that there are no other parties who should be joined in this action.

Dated: 1/17/22

By: _____
David A. DiBrigida, Esq.
**Attorney for Plaintiff**

# Civil Case Information Statement

**Case Details: MERCER | Civil Part Docket# L-000099-22**

**Case Caption:** BALL CHERISE VS WALMART, INC.
**Case Initiation Date:** 01/17/2022
**Attorney Name:** DAVID ALLAN DI BRIGIDA
**Firm Name:** DAVID A. DI BRIGIDA
**Address:** 101 EISENHOWER PARKWAY SUITE 100 ROSELAND NJ 07068
**Phone:** 9736181900
**Name of Party:** PLAINTIFF : Ball, Cherise
**Name of Defendant's Primary Insurance Company** (if known): None

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Cherise Ball?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** NO
**If yes, is that relationship:**
**Does the statute governing this case provide for payment of fees by the losing party?** NO
**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO   **Title 59?** NO   **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/17/2022                                                                                                    /s/ DAVID ALLAN DI BRIGIDA
Dated                                                                                                                               Signed

# EXHIBIT B



Til J. Dallavalle
973.256.9000 main
tdallavalle@schoeman.com

March 14, 2022

**Via Email and Regular Mail**
David A. DiBrigida, Esq.
101 Eisenhower Parkway, Suite 100
Roseland, New Jersey 07068

        **RE:**    **Cherise Ball v. Walmart Inc., et al.**
               **Docket No.: MER-L-99-22**
               **Our File No.: 0006074-0000268**

Dear Mr. DiBrigida:

      Our firm represents Walmart Inc. in the above-referenced matter. As such, please direct all correspondence to our office.

      Enclosed is a Stipulation Regarding Plaintiff's Damages. Kindly advise whether Plaintiff will stipulate that her damages are less than $75,000, exclusive of interest and costs. This information is necessary to determine whether the amount in controversy is such that this matter may be removed to federal court based on diversity of citizenship of the parties. In addition, please contact our office to discuss the nature and extent of the alleged damages claimed by Plaintiff. Lastly, please provide proof of service of the Summons and Complaint upon our client.

      Thank you for your anticipated cooperation and attention to this matter. If you should have any questions, please do not hesitate to contact the undersigned.

                              Very truly yours,

                              SCHOEMAN UPDIKE KAUFMAN & GERBER LLP

                              By: _____
                                  Til J. Dallavalle

TJD/bo
Enclosure